ST. LOUIS, I. M. & S. RY. CO. v. HAMPTON et al.

(Circuit Court, E. D. Arkansas, W. D. June 26, 1908.)

No. 1,624.

1. COMMERCE—STATE STATUTE REGULATING RAILROADS—CONSTITUTIONALITY— INTERFERENCE WITH INTERSTATE COMMERCE.

Acts Ark. 1907, p. 453, to regulate freight transportation by railroad companies doing business in the state of Arkansas, is unconstitutional, in that its provisions were clearly intended to apply to interstate shipments as well as intrastate shipments, and it is therefore an interference with interstate commerce.

**2. CARRIERS—REGULATION—UNREASONABLE REQUIREMENTS.**

It is also unconstitutional because its requirement upon the companies to furnish cars is absolute and subject to no exception whatever, even where the furnishing of such cars is impossible for reasons beyond the company's control.

In Equity.

Lovick Miles and Mehaffy & Williams, for plaintiff.
Morris M. Cohn, for defendants.

TRIEBER, District Judge (orally). In the argument counsel agreed that the only question necessary for a final determination of this cause is the constitutionality of the act of the General Assembly of the state of Arkansas No. 193, approved April 19, 1907, entitled "An act to regulate freight transportation by railroad companies doing business in the state of Arkansas" (Acts 1907, p. 453), and, if unconstitutional, that the injunction may be made perpetual.

The court holds that the act is unconstitutional upon two grounds:

1. By the last sentence of section 17, it is clearly shown that the intention of the Legislature was to apply its provisions to interstate shipments as fully as to intrastate shipments, and there is nothing in the act to indicate that the act would have been passed unless it could thus be made applicable. This is clearly an interference with interstate commerce, and, as this provision cannot be disregarded without defeating one of the main objects of the act, it is unconstitutional.

2. The requirement to furnish the cars is absolute and makes no exceptions for cases of a sudden congestion of traffic, actual inability to furnish cars by reason of their temporary detention in other states or in other places within the same state, none for interference of traffic occasioned by wrecks, accidents, or strikes. Houston, etc., R. R. v. Mayes, 201 U. S. 321, 26 Sup. Ct. 491, 50 L. Ed. 772, is conclusive.

For these reasons the temporary injunction heretofore granted will be made perpetual as to proceedings by defendants under the act of April 19, 1907, but the injunction is not to apply to any acts by defendants under any other statutes of the state.

Let there be a decree accordingly.