(113 So. 584)

## In re OPINION OF THE JUSTICES.

## In re PROPOSED ENABLING ACT UNDER MOBILE TAX AMENDMENT.

### (No. 6.)

Supreme Court of Alabama.   June 30, 1927.

*(Syllabus by the Court.)*

**I. Counties ⬤⇒190(I)—Proposed statute permitting annual additional county tax to pay interest and principal on bonds maturing during year held not to violate constitutional amendment (Acts 1923, p. 594).**

Sections 3 and 21, the proposed enabling act, providing that, to pay principal and interest on bonds issued under the act, the county may annually levy and collect an additional tax in an amount sufficient to pay the interest and principal on bonds maturing during that year, does not violate the constitutional amendment (Acts 1923, p. 594), providing that the county may levy an annual tax to pay said indebtedness and the interest thereon.

**2. Courts ⬤⇒208—Legislative inquiry whether provisions of proposed act conflict with any constitutional provision is too broad and indefinite to permit of answer (Code 1923, §§ .10290, 10291).**

A question propounded by the Legislature to the justices inquiring whether certain provisions of a proposed act are in conflict with any provision of the Constitution is too broad and indefinite, and the justices will decline to answer it.

**3. Statutes ⬤⇒107(5)—Act regulating increasing county indebtedness, issuing and selling bonds therefor, collecting taxes, and use of proceeds held not to contain two general subjects (Const. 1901, § 45).**

An act regulating the manner in which a county, authorized by constitutional amendment, may increase its indebtedness for purposes of road and bridge construction, issue bonds therefor, levy and collect additional taxes to pay said bonds, regulating the holding of elections to authorize such increase of indebtedness, the issuance of bonds and levying additional taxes, providing the method of ascertaining and declaring the result of such election, and regulating the sale of bonds and use of the proceeds thereof, does not contain two general subjects in violation of section 45 of the Constitution of 1901.

**4. Statutes ⬤⇒8½(I)—Act attempting to make effective constitutional amendment applying to only one county is "local law," subject .to constitutional requirement as   to · notice (Const. 1901, §§ 106, 110).**

Where a constitutional amendment applies to only one county, an' act attempting to put said amendment into effect is a "local law" under section 110 of the Constitution of 1901, and cannot be validly enacted without a compliance with section 106 of the Constitution as to notice.

[Ed. Note.—For. other definitions, see Words and Phrases, First and Second Series, Local Law.]

**5. Statutes ⬤⇒95(3, 4)—Constitutional prohibition against local law would not be violated by local bill making amendment thereof effective (Acts 1923, p. 594; Const. 1901, § 104, subsecs. 15, 17).**

A local bill, putting into effect a constitutional amendment, would not be violative of subsections 15 and 17 of section 104 ·of the Constitution of 1901, since the adoption of the amendment automatically amended said subdivisions of section 104 in so far as they conflict with said amendment.

Response of the Justices of the Supreme Court to questions of the Legislature, under Code 1923, §§ 10290, 10291, as to a proposed act pending in the Senate, being Senate Bill No. 312, the title and certain sections of which are as follows:

"A bill, to be entitled An act applicable to any county in this state, which by any amendment to the Constitution of the state heretofore or hereafter adopted and ratified is now or may hereafter be authorized, to incur additional indebtedness and issue additional bonds in an amount not to exceed six and one-half percentum of the assessed value of the property situated in such county, for the construction or improvement of concrete or better than concrete surfaced public roads, and concrete or better than concrete public bridges in such county, and to levy and collect an annual tax on said property in such county not to exceed one-half of one per centum of the value of such property, when such additional indebtedness and such additional bonds and additional tax shall have been first authorized by a majority vote by ballot of the qualified voters of such county voting upon such proposition, regulating and providing the method by and the manner in which any such county may increase its indebtedness for such purposes, and issue .bonds therefor, and levy and collect an additional tax or additional taxes to pay at maturity the · principal and interest on such bonds, and providing for and regulating the holding of elections by the qualified voters of such county to authorize such increase of indebtedness, the issuance of such bonds and levying of such additional tax or additional taxes, and providing for the method of ascertaining and declaring the result of such election, and regulating the sale of such bonds and the use of the proceeds of such sale."

\*      \*      \*      \*      \*      ·\*

"Section 2. That any such county in this state, may after the passage and approval of this act, when first authorized as hereinafter provided by a majority vote by ballot of the qualified voters of such county voting upon such proposition, become indebted and may from time to time issue bonds for the construction and improvement of concrete or better than concrete surfaced public roads, and concrete or better than concrete public bridges in such county, provided however, that the total amount of additional bonds issued under the provisions of this act, at any one time outstanding, shall not exceed six and one-half percentum of the assessed value at that time of the property situated in such county, nor shall the additional indebtedness incurred for the purposes aforesaid at any one time outstanding exceed six and one-half percentum of such assessed value.

"Section 3. That, to pay the interest on such additional indebtedness and on any such additional bonds, and to provide for the payment of the principal thereof at maturity, the governing body of such county may, when first authorized as hereinafter provided, by a majority vote by ballot of the qualified voters of such county voting upon such proposition, annually levy and collect an additional tax or additional taxes on all property situated in such county in an amount sufficient to pay the interest maturing during that year on all bonds issued under the provisions of this act at that time outstanding, together with an amount sufficient to pay the principal of any such bonds issued under the provisions of this act maturing during such year, provided however, that the total amount of additional taxes levied in any one year for the purposes aforesaid shall not exceed in the aggregate one-half of one percentum of the assessed value of the property situated in said county, according to the last completed assessment for state taxation.

\*       \*       \*       \*       \*       \*

"Section 21. If, at any election held under and according to the provisions of this act, a majority of the qualified voters of such county voting upon each proposition submitted at such election vote in favor of the increase of indebtedness and the issuance of bonds and levying of tax in respect of the improvement embraced in such proposition, then the governing body of such county may incur the indebtedness and issue the bonds authorized by such favorable vote on such proposition; and the governing body of such county shall thereafter, until all such bonds so issued and the interest thereon, are paid in full, each year levy on all the taxable property in such county a tax at a rate and in an amount sufficient to pay at maturity the interest on all such bonds at that time outstanding, and the principal thereof at the time each installment of principal becomes due; provided, however that the total amount of all the taxes levied under the provisions of this act in any one year shall not exceed one-half of one percentum of the total assessed value during that year of all the taxable property in said county. It being the intent and purpose of this section to authorize and require the governing body of such county each year to levy a tax sufficient to pay the interest maturing during that year on all bonds theretofore issued under the provisions of this act, and at that time outstanding, and also sufficient to pay the installments of principal of such bonds theretofore issued which mature during that year, provided, however, that the total amount of all such taxes so levied under the provisions of this act (excluding, however, any tax levied under the provisions of any other act of the Legislature or provisions of the Constitution of the state of Alabama) shall not exceed, in the aggregate, in any one year, the rate of one-half of one percentum.

"If such election shall authorize the increasing of indebtedness, issuance of bonds and levying of taxes in respect of more than one improvement, then the governing body of such county may group all the bonds so authorized in one issue, and may make the total of each annual installment of such bond issue equal the combined total of the corresponding annual installments stated in the notice of the election as to each of the propositions so authorized; provided however, that bond issues having different maximum maturities may not be so combined. Thereupon, the governing body of such county, at any regular or special meeting of said governing body held subsequent to such election, shall adopt a resolution or resolutions fixing the total amount of bonds of each issue to be issued by such county under the provisions of this act, the number of installments in which each issue of bonds shall mature, and the amount of each installment (within the limitations prescribed in section 4 of this act), the form of such bonds, the place of payment of installments of principal thereof and interest thereon, and the maximum rate of interest to be borne by each issue of such bonds, together with any other matter which the governing body of such county may decide to incorporate in such resolution."

The constitutional amendment (Acts 1923, p. 594) is as follows:

"Mobile county may become indebted and may issue bonds for the construction or improvement of concrete or better than concrete surfaced public roads, and concrete or better than concrete public bridges in said county, and for the construction of bridges and roadway necessary to provide a public road for vehicular travel between the highlands of Mobile and Baldwin counties, in an amount not to exceed six and one-half per centum of the assessed value of the property situated in Mobile county. To pay said indebtedness and the interest thereon, Mobile county may levy and collect an annual tax on said property not to exceed one-half of one per centum of said value. The indebtedness, the bonds and the tax authorized hereby shall be in addition to those authorized by the Constitution of Alabama prior to the adoption of this amendment. But no such additional indebtedness shall be created, and no such additional bonds shall be issued, and no such additional tax shall be levied, until each improvement or construction, proposed to be built thereby, its approximate location, estimated cost and time of completion, and the amount of the proposed increase, shall have been determined upon and made public by the board of revenue and road commissioners of Mobile county, and the proposed increase of indebtedness or issue of bonds or tax therefor shall have been first authorized by a majority vote by ballot of the qualified voters of Mobile county voting upon such proposition."

**Senate Joint Resolution:**

"Be it resolved by the Senate, the House concurring, that:

"Whereas, the Senate has now pending before it Senate Bill No. 312, regulating and providing the method by and the manner in which any county of the class in said bill named may increase its indebtedness for the purposes therein stated, and issue bonds and levy and collect additional taxes; and

"Whereas, said bill provides for calling elections to authorize the issuance of such bonds and the levying of such taxes, which would involve considerable waste of public money in the event the proposed act were held unconstitutional after its passage;

"Now, therefore, be it resolved that the Supreme Court of Alabama is hereby requested by the Legislature of Alabama to give the Legislature an advisory opinion with respect to the constitutionality of the said bill especially in the following particulars:

"1. Are the provisions contained in sections 3 and 21 of the bill, authorizing the governing body of such county to annually levy and collect an additional tax sufficient to pay principal and interest on the bonds, provided that the total amount of additional taxes levied in any one year under the authority of this act does not exceed, in the aggregate, one-half of one per centum of the assessed value of the property, violative of the amendment to the Constitution of Alabama found in the Acts of Alabama of 1923, page 594, or of any other provision of the Constitution?

"2. It is within the power of the Legislature to define 'concrete,' and is the definition of 'concrete' in section 6 of the bill violative of the provisions of the amendment of 1923, above referred to, or any other provision of the Constitution of Alabama?

"3. Is the definition or characterization of 'improvement' in section 8 of the bill violative of any provision of the Constitution?

"4. Is the provision in section 11 of the bill authorizing the calling of an election to submit to the voters at one election the question of the issuance of bonds and the levying of tax, with respect to two or more improvements violative of any provision of the Constitution?

"5. Is the provision of section 11, providing that separate ballots shall be prepared in respect of each improvement or one ballot may be so arranged as to enable the voters to vote separately in respect of each proposed improvement (when two or more are proposed) violative of any provision of the Constitution?

"6. Does the form of the official ballot described in section 13 violate any provision of the Constitution?

"That this form of ballot is adapted from the form approved by the Supreme Court in the case of Realty Investment Co. v. City of Mobile, 181 Ala. 184, 61 So. 248.

"7. Does the bill cover more than one subject?

"8. Is the bill a local bill?

"9. If the Supreme Court decides that this bill is a local bill, would a local bill applicable only to Mobile county, duly advertised, and containing in other respects the same provisions as contained in this act, be violative of subdivisions 15 and 17 of section 104 of the Constitution?"

Wm. H. Armbrecht, of Mobile, filed a brief with the Justices.

Chambers of the Justices,
June 30, 1927.

To the Honorables William C. Davis, Lieutenant Governor, and Ex Officio President of the Senate, and J. Lee Long, Speaker of the House of Representatives—Dear Sirs:

Replying to the joint resolution of the Legislature soliciting an opinion from the judges of the Supreme Court as to the constitutionality of certain features of a proposed act pending in the Senate and being one to put into effect the constitutional amendment authorizing Mobile County to increase its tax rate for the purpose of constructing roads and bridges, Acts 1923, p. 594, we beg leave to say:

[1] 1. We do not think that sections 3 and 21 are in conflict with or repugnant to said constitutional amendment.

[2] 2. As to the last part of the first inquiry in question 1, which asks if said sections "are in conflict with any other provision of the Constitution?" We must respectfully decline to answer as said inquiry is too broad and indefinite. And this answer must also apply to questions 2, 3, 4, 5, and 6.

[3] 3. Replying to question 7, we do not think the proposed act contains two general subjects so as to render it violative of section 45 of the Constitution.

[4] 4. In answer to question 8, we say that the bill proposed is unquestionably a local law under section 110 of the Constitution, and cannot be validly enacted without complying with section 106 as to notice. The amendment applies only to Mobile county, and the act attempting to put said amendment in effect can have no possible present application to any other county. Nor can it have any future application to any other county without the aid of additional constitutional amendments, and which, of course, renders such application merely speculative and conjectural.

[5] 5. We do not think a local bill putting the said amendment into effect would be violative of subdivisions 15 and 17 of section 104 of the Constitution. The amendment being local in its character can only become effective by a local law, and therefore the adoption of said amendment automatically amended these subdivisions of section 104 in so far as they may have conflicted therewith; that is, as applicable to Mobile county in so far as the Mobile amendment was involved. The fact, however, that the amendment may be put into effect by a local law does not dispense with a compliance with section 106 of the Constitution as to notice. Birming-

ham Electric Co. v. Harry, 21 Ala. App. 483, 111 So. 41.

Respectfully,

JOHN C. ANDERSON,
Chief Justice.
ORMOND SOMERVILLE,
LUCIEN D. GARDNER,
WILLIAM H. THOMAS,
VIRGIL BOULDIN,
JOEL B. BROWN,
Associate Justices.