139 So. 259

## HENRY, County Treasurer, v. WILSON.

### 6 Div. 55.

Supreme Court of Alabama.
Dec. 3, 1931.

Rehearing Denied Feb. 4, 1932.

262

Thos. E. Knight, Jr., Atty. Gen., and Charlie C. McCall, Asst. Atty. Gen., for appellant.

R. B. Evins, of Birmingham, for appellee.

Clarence Mullins and Thos. J. Judge, both of Birmingham, amici curiæ.

ANDERSON, C. J.

Section 106 of the Constitution of 1901 requires that no local, special, or private law shall be passed on any subject without giving the notice as there prescribed, and makes it the mandatory duty of the courts to pronounce the same void if the journals do not affirmatively show that it was passed in accordance with the provision of the section.

Section 110 of the Constitution says: "A general law within the meaning of this article is a law which applies to the whole state; a local law is a law which applies to any political subdivision or subdivisions of the state less than the whole; a special or private law within the meaning of this article is one which applies to an individual, association, or corporation."

It is conceded that no attempt was made to publish the notice as required by section 106, but the contention is made that the act in question (House Bill No. 384) is a general law, and that notice was therefore unnecessary.

While the act attempts to classify the counties upon a population basis, there set out, as now existing, or as they may exist under any succeeding census, it deals with a class of officers and employees who are paid out of the county treasury. With the exception of Jefferson and Montgomery counties, the major class of officials or employees dealt with are not paid by the counties, but by their respective chiefs, who are largely, if not entirely, upon a fee basis or system. Therefore, should any other county in the state, except Jefferson and perhaps Montgomery, attain the requisite population, the act, as to its major features, cannot apply or operate without the aid of future legislation or perhaps constitutional amendments changing the method of compensation; that is, by providing that clerks, assistants, and deputies for the various county officers be paid by the counties in-

stead of by their chief or employer. Hence, even after a county attains the necessary population, with the exception above noted, the act cannot of its own force and effect apply thereto without the aid of future legislation materially changing existing conditions, and it cannot therefore apply, at present, to any county other than Jefferson, or, in the future, to any counties in the state, except Jefferson and Montgomery, notwithstanding they · may acquire the necessary population. In other words, something must be done by the lawmakers in the future to give the act a field for operation except as to Jefferson and Montgomery counties.

While there is an attempt to give the act a cloak of generality, a reading of same discloses that it is intended to deal only with conditions in Jefferson county, though it might apply to Montgomery county in the remote future, but cannot apply to the other counties, in its major parts, unless lawmakers, in the future, change or revolutionize the method of compensating clerks, deputies, or assistants of the respective officials. State v. Gullatt, 210 Ala. 452, 98 So. 373; In re Opinion of the Justices, 216 Ala. 469, 113 So. 584; Mobile County v. Byrne, 218 Ala. 5, 117 So. 83; Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41; Kearley v. State ex rel. Hamilton, 223 Ala. 548, 137 So. 424.

In support of the act, the appellee relies largely upon the cases of Board of Revenue v. Huey, 195 Ala. 83, 70 So. 744, and State ex rel. Covington v. Thompson, 142 Ala. 98, 38 So. 679.

The case of State ex rel. Covington v. Thompson, supra, was explained in the case of State ex rel. Collman v. Pitts, 160 Ala. 133, 49 So. 441, 686, 135 Am. St. Rep. 79.

There may be an apparent conflict between the present holding and the Huey Case, supra, but the present holding finds support in the Gullatt Case, supra, and the Opinion of the Justices, 216 Ala. 469, 113 So. 584, and, if they conflict with the Huey Case, we prefer the former.

The attempt to cover this act by a cloak of generality is but an evasion of the Constitution, and the law abhors evasions. We are not unmindful of the duty of this court to resolve every reasonable doubt in favor of the constitutionality of an act of the Legislature, but sections 106 and 110 of our organic law must not be ignored by the Legislature by an absurd and capricious classification in order to save the expense or publicity of local legislation, expecting the courts to uphold them as general laws when the passage of same is often procured because of legislative courtesy to those members who reside in the county or district to which said law applies; that is, often passed because local in character out of deference to the advocates of same and, at the same time, expect the courts to uphold

them as general laws. We do not hesitate in pronouncing the act in question a local law, under section 110 of the Constitution, and, as no notice was given under section 106 of the Constitution, it is our imperative duty to declare the same void.

The trial court erred in overruling the appellant's demurrer to the petition for mandamus, and a judgment is rendered reversing the judgment of the circuit court and sustaining the demurrer to the petition.

Reversed and rendered.

THOMAS, BOULDIN, BROWN, and KNIGHT, JJ., concur.

GARDNER and FOSTER, JJ. (dissenting).

While in accord with much that is said in the majority opinion, yet we feel impelled to dissent therefrom under the authority of Board of Revenue v. Huey et al., 195 Ala. 83, 70 So. 744 (here in effect overruled), which has been for many years the declared law of this state, and should not now, in our opinion, be disturbed. We rest our conclusion upon the doctrine of stare decisis.