148 So. 411

## JEFFERSON COUNTY v. BUSBY.

### 6 Div. 369.

Supreme Court of Alabama.

Jan. 27, 1933.

Rehearing Denied March 9, 1933.

Jelks A. Cabaniss, of Birmingham, for appellant.

Crampton Harris and J. Q. Smith, both of Birmingham, for appellee.

THOMAS, Justice. ·

Under the provisions of section 7322, Code of 1923, the following question is submitted to this court for determination: Is the Act of the Legislature approved September 2, 1927 (Gen. Acts 1927, page 714) violative of section 106 of the Constitution of 1901?

The title of the act is: "To provide for the appointment of bailiffs in all Circuit Courts in all counties of the State of Alabama having a population of 200,000, or more, according to the last or any subsequent federal census, and to fix the compensation of such bailiffs and to provide for the payment of such compensation."

In the first section it is provided that, in all counties having a population of 200,000 or more according to the last or any subsequent federal census, "the bailiffs of all circuit courts in such counties shall be appointed by the judges of such court. Each judge to appoint the bailiffs, who act in the division of court over which said judge presides and such bailiffs to serve at the pleasure of the judge, and the Judges of the Criminal Division of such Circuit Courts are further authorized and empowered to appoint a bailiff or bailiffs to serve the Grand Juries of such counties, to be paid the same salary and perform the same duties as other bailiffs when not otherwise engaged."

The second section of the act fixes the "annual salary" to be paid in monthly installments out of the county treasury "on the warrant of the judge appointing the bailiff, in the same manner as the county officials are paid."

Section 3 provides: "When the services of such bailiffs are not required by the judge * * * such judge may order them to serve all civil process referred to them by the Sher-

iff of the county, and for such purpose they shall have the same power and authority as is now conferred by law upon deputy sheriffs in such counties."

And section 4 declares: "This act shall take effect *immediately upon its passage*, and all laws and parts of law in conflict herewith be and the same hereby are expressly repealed." (Italics supplied.)

Was this a local or a general law within the meaning of the Constitution and definitions contained in the decisions of this court? If a local law, it was passed without notice in violation of the provisions of section 106 of the Constitution.

Certain rules of constitutional construction are established:

■ (1) It is presumed that a statute is valid, and, unless patently unconstitutional, this presumption will be indulged; and the burden rests upon the "complaining party," asserting the invalidity, to "clearly establish" or "clearly demonstrate" that contention. Sadler v. Langham, 34 Ala. 311, 320; State v. Birmingham So. Ry. Co., 182 Ala. 475, 62 So. 77, Ann. Cas. 1915D, 436; State ex rel. Vandiver v. Burke, Judge, 175 Ala. 561, 57 So. 870; Fitzpatrick v. State, 169 Ala. 1, 53 So. 1021; State ex rel. Knox v. Dillard et al., 196 Ala. 539, 548, 557, 72 So. 56; State ex rel. Crumpton v. Montgomery et al., Excise Commissioners, 177 Ala. 212, 59 So. 294; Lovejoy v. City of Montgomery, 180 Ala. 473, 476, 61 So. 597; Randle v. Winona Coal Co., 206 Ala. 254, 256, 89 So. 790, 19 A. L. R. 118; Henry, County Treas., v. State ex rel. Hartsfield, 218 Ala. 71, 76, 117 So. 626.

(2) A statute will not be declared unconstitutional unless no reasonable doubt exists that such is invalid. Sadler v. Langham, supra; Mobile Dry-Docks Co. v. City of Mobile, 146 Ala. 198, 202, 40 So. 205, 3 L. R. A. (N. S.) 822, 9 Ann. Cas. 1229.

(3) All reasonable presumptions and intendments must be indulged in favor of the validity of a statute. State ex rel. Knox v. Dillard et al., supra; State ex rel. Meyer v. Greene, Judge, etc., 154 Ala. 249, 46 So. 268; Fairhope Single Tax Corporation v. Melville, 193 Ala. 289, 300, 69 So. 466; Williams, Judge, v. Schwarz, 197 Ala. 40, 46, 72 So. 330, Ann. Cas. 1918D, 869, and authorities; McGehee v. State ex rel. Tate, 199 Ala. 287, 299, 74 So. 374; Board of Revenue of Jefferson County v. State ex rel. City of Birmingham, 172 Ala. 138, 54 So. 757; Jordan et al. v. McClure Lumber Co. et al., 170 Ala. 289, 54 So. 415; Dancy et al. v. Alabama Power Co. et al., 198 Ala. 504, 73 So. 901; First Nat. Bank of Evergreen v. Hagood, 206 Ala. 308, 89 So. 497.

(4) Where there is a reasonable doubt as to whether a statute is constitutional, that doubt will be resolved in favor of its constitutionality. Smith v. Stiles, Probate Judge, 195 Ala. 107, 70 So. 905; Ex parte Bozeman, 183 Ala. 91, 63 So. 201; State v. Alabama Fuel & Iron Co., 188 Ala. 487, 66 So. 169, L. R. A. 1915A, 185, Ann. Cas. 1916E, 752; Randle v. Winona Coal Co., 206 Ala. 254, 89 So. 790, 19 A. L. R. 118; Central of Georgia Ry. Co. v. Groesbeck & Armstrong, 175 Ala. 189, 57 So. 380; State v. Birmingham So. Ry. Co., 182 Ala. 475, 62 So. 77, Ann. Cas. 1915D, 436; Henry, County Treasurer, v. Wilson, 224 Ala. 261, 139 So. 259.

(5) Before a statute can be declared unconstitutional, it must clearly and unavoidably appear to have been without the power of the Legislature to enact. City of Ensley v. Simpson, 166 Ala. 366, 52 So. 61; State ex rel. Austin v. Black, 224 Ala. 200, 130 So. 431; Quartlebaum v. State, 79 Ala. 1.

■ (6) Where a statute is fairly susceptible of two interpretations, one of which will uphold, and the other defeat, its constitutionality, the former construction will be adopted, even though it be the less natural, "ut res magis valeat quam pereat." Quartlebaum v. State, supra; State ex rel. Collman v. Pitts, Probate Judge, 160 Ala. 133, 49 So. 441, 686, 135 Am. St. Rep. 79; Henry, County Treasurer, v. Wilson, supra.

(7) Courts must construe a law as general, where it is so worded as to be interpreted as general in order to save its constitutionality. Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416; State ex rel. Montgomery v. Merrill, 218 Ala. 149, 117 So. 473; State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373; Reynolds, County Treasurer, v. Collier, 204 Ala. 38, 85 So. 465.

■ (8) The question is one of legislative power, and the courts have no right to be exercised about the wisdom or policy of a statute when the right of its enactment is clearly indicated. State ex rel. City of Mobile v. Board of R. & R. Com'rs of Mobile County, 180 Ala. 489, 499, 61 So. 368; State ex rel. Meyer v. Greene, Judge, etc., 154 Ala. 254, 46 So. 268.

■ (9) Where population classifications are employed, good faith of the Legislature is presumed, and much is left to legislative discretion. Walden v. City of Montgomery, 214 Ala. 409, 108 So. 231; State ex rel. Crenshaw v. Joseph, 175 Ala. 601, 57 So. 942, Ann. Cas. 1914D, 248.

■ It is indicated by the decisions (Williams, Judge v. Schwarz, 197 Ala. 40, 46, 72 So. 330, Ann. Cas. 1918D, 869) that acts are generally considered or classified: (1) As provisions designed for the security of the elementary rights of life, liberty, and property, which are construed liberally in favor of the citizen. Sadler v. Langham and Moore v. Wright & Rice, 34 Ala. 311; Dorman v. State, 34 Ala. 216; State v. Birmingham Southern Ry. Co., 182 Ala. 492, 62 So. 77, Ann. Cas.

296

1915D, 436. (2) As acts that prescribe rules of "purely · governmental policy, or relate merely to the conduct and administration of public affairs," and which will not be declared unconstitutional, unless shown to be repugnant to organic law, "beyond a reasonable doubt." State v. Birmingham Southern Ry. Co., 182 Ala. 492, 62 So. 77, Ann. Cas. 1915D, 436; State ex rel. Meyer v. Greene, Judge, etc., 154 Ala. 249, 46 So. 268; City of Ensley v. Simpson, 166 Ala. 366, 52 So. 61; Fairhope Single Tax Corporation v. Melville, 193 Ala. 289, 69 So. 466; State ex rel. Troy v. Smith, Auditor, 187 Ala. 411, 65 So. 942; Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416.

The statute for construction of legislative enactment that pertains to the conduct and administration of public affairs is within the latter class; and, before it can be stricken down as unconstitutional, it must be shown, beyond a reasonable doubt, to be within the inhibitions or requirements of notice, declared by section 106 of the Constitution. Was it a general law enacted in good faith as such, reasonably related to its purpose, and so framed that all parts of the state may come within its scope and operation as a general law which took effect according to its terms—immediately upon its passage? Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416. The subject of designation and classification is discussed in Mobile County v. Byrne, 218 Ala. 5, 117 So. 83; Reynolds, County Treasurer, et al. v. Collier, 204 Ala. 38, 85 So. 465; Ward v. State ex rel. Lea, supra; Kearley v. State ex rel. Hamilton, 223 Ala. 548, 137 So. 424; Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41.

Counsel for appellant rests the contention of unconstitutionality of the act (Gen. Acts 1927, p. 714) as a local law passed without notice and in violation of section 106 of the Constitution, on the authority of Henry, County Treasurer, v. Wilson, 224 Ala. 261, 139 So. 259, and Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416.

■ This court takes judicial knowledge of the several courts and judges thereof in the counties of the state, and of the divisions of said courts as provided by law (Hodge v. Joy, 207 Ala. 198, 201, 92 So. 171); that the county of Jefferson has a separate criminal division of its circuit court by virtue of sections 6686, 6687, Code, Acts 1915, p. 809; that the counties of Jefferson, Tuscaloosa, Montgomery, Mobile, and Madison are what are termed one-county circuits; and that Jefferson county is the only county having more than three judges. Has the act in question the effect and provision for the appointment and. compensation of bailiffs *in all the circuit courts in all counties* of the state having a population of 200,000 or more, according to the census indicated? · .

The classification employed is within the

rule of our cases: State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278; Henry, County Treasurer, v. Wilson, 224 Ala. 261, 139 So. 259; Vaughan, Probate Judge, v. State ex rel. Dawson, 212 Ala. 258, 102 So. 222; Reynolds, County Treasurer, v. Collier, 204 Ala. 38, 85 So. 465; State ex rel. Crenshaw v. Joseph, 175 Ala. 579, 57 So. 942, Ann. Cas. 1914D, 248; State ex rel. Covington v. Thompson, 142 Ala. 98, 38 So. 679; Cobbs, City Treasurer, v. Home Insurance Co. of New York, 18 Ala. App. 206, 91 So. 627, certiorari denied In re Cobbs, 207 Ala. 712, 91 So. 922.

■ Do the two expressions in the act now to be considered show that the classification employed was arbitrary and a mere designation of locality confined to Jefferson county? The expression, that "the Judges of the Criminal Division of such Circuit Courts are further authorized and empowered to appoint a bailiff or bailiffs to serve the Grand Juries of such counties " (section 1) looks to that of the · consolidation acts and existing statute (Acts 1915, pp. 279, 809) sustained as general laws. Batson v. State ex rel. Pond, 206 Ala. 317, 89 So. 500; · Smith v. Stiles, · Probate Judge, 195 Ala. 107, 70 So. 905; Thomas, Clerk of Circuit Court, v. State ex rel. Armstrong, 200 Ala. 661, 77 So. 35; State ex rel. Adams v. McLellan, 202 Ala. 41, 79 So. 379. We cannot say, beyond a reasonable doubt, that this provision rendered the act a local law within the provisions of section 106 of the Constitution, as to notice.

■ The act is complete without the expression in its section 2, "in the same manner as the county officials are paid," having provided, as it does, that payment of the salary be made in "monthly installments out of the county treasury on the warrant of the judge appointing the bailiff." Such redundant provision will not be allowed to overweigh the rules and presumptions of valid legislative enactments to which we have adverted. These presumptions are the result of the long-recognized legal maxims: "Ut res magis valeat quam pereat" (25 R. C. L. p. 1000, § 243; Simonds v. Walker, 100 Mass. 113); "omnia præsumuntur legitime facta donec probetur in contrarium," and "ei incumbit probatio, qui dicit" (Sadler v. Langham, 34 Ala. 321 [Stone, J.]). And, in respects indicated, the bailiffs are paid out of the county treasury in the manner provided in every county by the general law. Section 6717, Code, as amended by Gen. Acts 1927, p. 440.

The writer, on further consideration, is of the opinion that the classification employed in the act was not arbitrary; not a mere designation; not a double classification within the rule. The act can be referred to as one of good faith in its enactment, reasonably related to the purpose to be effected, was within the rule of future legislation that may be reasonably anticipated in the course of

events, and may become operative in all counties of the state that may come within its class. That is to say, after a more careful consideration of the cases of Henry, County Treasurer, v. Wilson, 224 Ala. 261, 139 So. 259, and Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416, I am in accord with the following statement, which is here made by Mr. Justice GARDNER, as expressive of his views upon the question now before the court:

"We judicially know that in Jefferson county, the only county in the state that at present has a population of 200,000, there are more than three circuit judges, and that in such county the judges are numbered, and that the courts are divided into three divisions, civil, equity, and criminal. Sections 6686, 6687; Hodge v. Joy, 207 Ala. 198 [92 So. 171]. The present act is based on a population classification of counties of 200,000 or more. The fact that at the present time it can only have application to Jefferson county is not alone sufficient for its condemnation. Ward v. State ex rel. Lea, 224 Ala. 242 [139 So. 416].

"But it is suggested that future legislation will be necessary so as to provide for more than three circuit judges with divisions of the courts as other counties reach such population basis, and that the law must fall under Henry, County Treasurer v. Wilson, 224 Ala. 261 [139 So. 259].

"The mere fact, however, of the necessity for future legislation is not alone sufficient to stamp the law as a local one. Such requirement for future legislation is of evidentiary character only, and if such legislation may be reasonably anticipated, as in good faith in the interest of better government or public convenience, and to bear relation to the act in question, the law should be sustained, as all statutes are to be construed as having a prospective operation unless the contrary is expressed or necessarily implied. Ward v. State ex rel. Lea, supra.

"We [GARDNER and THOMAS, JJ.] are of the opinion that it may be reasonably anticipated that, as other counties reach the required population, such provisions will be made for them as are found in our statutes, above noted, which at present only have application to Jefferson county. Upon this principle, we think the law should be sustained."

The rules declared in Henry, County Treasurer, v. Wilson, 224 Ala. 261, 139 So. 259, and Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416, are adhered to by a majority of this court, being ANDERSON, C. J., BOULDIN, BROWN, FOSTER, and KNIGHT, JJ., and these decisions condemn the act as being local; and, as it was passed without the notice required, it was within the inhibitions of section 106 of the Constitution.

ANDERSON, C. J., and BOULDIN, BROWN, FOSTER, and KNIGHT, JJ., concur.

GARDNER and THOMAS, JJ., dissent.

FOSTER, Justice.

My views have not changed since the case of Henry, County Treasurer, v. Wilson, 224 Ala. 261, 139 So. 259, in which I dissented. While that case controls this, I see no reason again to dissent, but, on the other hand, think now, as I did then, that our decisions ought to be stable; and, when once fixed after due consideration, we ought to abide by them. For that reason, I concur with the majority in this case.