163 So. 345

**STATE ex rel. CONRAD v. BOARD OF REV-
ENUE AND ROAD COM'RS et al.**

**I Div. 879.**

Supreme Court of Alabama.
June 20, 1935.

Rehearing Denied Oct. 10, 1935.

Harry T. Smith & Caffey, of Mobile,
for appellant.

George A. Sossaman and Smith & John-
ston, all of Mobile, for appellees.

KNIGHT, Justice.

Appellant filed his petition for mandamus in the circuit court of Mobile county against the Board of Revenue and Road Commissioners of said county, and the individual members of said board, seeking to require them to issue to petitioner a warrant on the treasurer of Mobile county for the payment to petitioner of the sum of $300 as his compensation for services as deputy clerk of the circuit court for the month of January, 1935.

In his petition, petitioner, the appellant here, averred that he was duly appointed deputy clerk of the circuit court of Mobile county by Hon. Sextus H. Smith, the clerk of said court, for his term of office ending January 14, 1935, and for the new term of the said clerk, beginning January 15, 1935; that petitioner had served as such deputy clerk for the entire month of January, 1935, under his said appointment; and that petitioner for such services was "entitled to be paid under the terms of an Act of the Legislature of Alabama, approved March 2, 1931." A copy of the act was incorporated in the petition.

That during the month of January, 1935, and throughout the term of the clerk appointing petitioner, Mobile county composed a judicial circuit having more than two and less than five circuit judges.

That the Board of Revenue and Road Commissioners had refused to issue him a warrant for $300, as specified in the act set out in the petition, but had undertaken to issue him a warrant for the sum of $101.61, as compensation for the first fourteen days in January, and had failed to issue him any warrant for the remainder of said month.

The respondent duly appeared, and filed a number of grounds of demurrer to the petition, and the court sustained their demurrer, and petitioner declining to plead further, the petition was dismissed, and petitioner taxed with the cost. From the judgment sustaining the demurrer and dismissing the petition, the present appeal is prosecuted.

By an act of the Legislature of Alabama, approved February 12, 1927 (Gen. Acts 1927, p. 33), it is provided: "That in all judicial circuits in this State having more than two and less than five circuit judges, the register shall, subject to removal at his will, appoint a deputy register for said court and the clerk shall, subject to removal at his will, appoint two deputy clerks for said court in lieu of a deputy clerk and additional deputy clerk as now provided by law; the deputy register and deputy clerk shall each be paid a salary of three hundred dollars per month, payable monthly. * * *"

On March 2, 1931, the above referred to act was amended to read: "That in all Judicial Circuits in this State having more than two and less than five Circuit Judges, the register shall, subject to removal at his will, appoint a deputy register for said Court, and the Clerk shall, subject to removal at his will, appoint three deputy clerks for said Court; the deputy register and deputy clerks shall each be paid a Salary of Three Hundred Dollars per month payable monthly, out of the treasury of the County composing such Circuit. * * *" Gen. Acts 1931, p. 131.

At the Extra Session of the Legislature 1932, a constitutional amendment was submitted to the people, and duly adopted, which is in words as follows: "The Legislature of Alabama may hereafter from time to time by general or local laws, but subject to the provisions of Section 281 of the Constitution of Alabama, fix, regulate and alter the costs, charges of court, fees, commissions, allowances or salaries

to be charged or received by the following County officers of Mobile County, Alabama, being, the Judge of Probate, Tax Assessor, the Tax Collector, the Clerk of the Circuit Court, and the Register of the Circuit Court, including the method and basis of the compensation." General Acts, 1932, Extra Session, p. 83.

From the foregoing, it will be noted that the amendment does not in terms include deputies either of the clerk of the circuit court, or of the register of said court.

In anticipation of the adoption of the constitutional amendment above set out, an enabling act was passed and approved November 8, 1932 (Local Acts of Alabama, 1932, Extra Session, p. 108, known as the Granade Bill), dealing with the entire subject of the proposed constitutional amendment, and also making provision for the employment by the clerk of the circuit court of assistants. This act, by its terms, was to become effective when, and only if, the proposed constitutional amendment should be adopted. The amendment was adopted at the general election held in November, 1932.

Section 6 of the enabling act, among other things, provided: "The Clerk of the Circuit Court shall receive a salary of Forty-eight Hundred Dollars per annum and may employ as assistants: one clerk to serve as clerk of the Criminal Division of the Circuit Court at an annual salary of Thirty-six Hundred Dollars; one clerk to serve on the Civil Division of the Circuit Court at an annual salary of Twenty-four Hundred Dollars, and the Clerk of the Circuit Court shall be entitled to an allowance of Thirty-six Hundred Dollars per year to be used by the said Clerk in employing such other assistants as he deems necessary."

The petitioner does not disclose in his petition whether he was employed as a clerk in the criminal or civil division of the circuit court.

Thereafter a local act, advertised and passed as such was adopted by the Legislature, and duly approved by the Governor, reducing the salaries of "The three Deputy Clerks of the Circuit Court" to $2,700 each. This act was approved March 23, 1933, and is known as the Sossaman Act. Local Acts 1933, Extra Sess. p. 28.

Learned counsel for appellant is of the opinion that the demurrer raises three constitutional questions:

(1) Whether the Act of March 2, 1931, providing three deputy clerks for all circuits having not less than two or more than five judges, and providing that they shall be paid $300 per month for their services, is a local act passed in violation of section 106 of the Constitution.

(2) Whether petitioner, as deputy clerk of Mobile county, was entitled to compensation for his services up to and including January 14, 1935, upon the basis specified in the Sossaman Bill (Loc. Acts 1933, Ex. Sess., p. 28), or upon the basis specified in the General Act of March 2, 1931.

That a decision of this question necessarily involves a decision as to whether (a) the Act of March 2, 1931, is violative of section 106 of the Constitution on the ground that it really constitutes a local law in the guise of a general law and was passed in violation of section 106 of the Constitution; and (b) if it is a general, rather than a local, law, then whether the Sossaman Act, which is a local law, is violative of section 105 of the Constitution.

(3) Whether the Granade Act (Loc. Acts 1932, Ex. Sess., p. 108), which is also a local act, is unconstitutional as violative of section 105 of the Constitution, in so far as it purports to change the salaries of the three deputy clerks provided for in the Act of March 2, 1931.

At the threshold of the case, we are confronted with the question whether the Act of March 2, 1931, mentioned above, is in fact a local act, and passed in violation of section 106 of the Constitution.

Appellant's learned counsel insists, and in support of his insistence has submitted here an elaborate and forceful argument, that the said act is a general act, and therefore in no wise conflicts with the provisions of section 106 of the Constitution.

In support of his contention appellant relies largely upon the case of Stone v. State ex rel. Berney, 20 Ala. App. 69, 101 So. 58, 60, in which case this court denied a writ of certiorari. 211 Ala. 601, 101 So. 62.

It will be noted that in the Stone Case supra, the treasurer of Mobile county refused to pay Judge Berney's increase salary upon the ground that the act authorizing the same was passed in violation of sections 68, 150, 105, and 218 of the Constitution. In discussing the case, Judge Bricken, who rendered the opinion of the Court of Appeals, expressed his views

as to when "a law which is general in its terms and is so framed that all parts of the state may come within its operation is a general law," nevertheless it nowhere appears from the decision that in reaching the conclusion in the case either the Court of Appeals, or this court, was called upon, in considering the case as made and presented by the record, to determine whether the act in question was passed in violation of section 106 of the Constitution. It will be noted that Mr. Justice Bouldin, in writing for this court, denying the writ of certiorari, used this guarded language: "This court approves the views expressed by the Court of Appeals in holding *the act in question not subject to any of the constitutional objections raised by the record."* This court did not pass upon the question whether the act was subject to the objection that in its passage the requirements of section 106 of the Constitution was not complied with. That objection was seemingly not raised in the trial court.

Confessedly, at the time of its passage the act of the Legislature approved March 2, 1931, could only apply to the one judicial circuit in the state, which was composed of Mobile county.

█ There is no contention that the act under consideration was duly advertised before its introduction in the Legislature in order to comply with the provisions of section 106 of the Constitution. Its constitutionality, therefore, must hinge upon the proposition that it is a general law. Confessedly, if it is not a general law, it must be held to be void. We are firmly committed to the proposition that a statute should not be held to be local, where, by its terms, given a reasonable and fair construction, it may be interpreted as a general law, and its constitutionality thereby sustained. In determining the question the inquiry naturally arises, can it be given a prospective general operation, without future legislation, carrying into effect its major features?

In the case of Henry v. Wilson, 224 Ala. 261, 139 So. 259, this court condemned the act then before the court because it could not apply or operate without the aid of future legislation.

In the last-mentioned case Chief Justice Anderson called attention to the fact that the holding in the case of Henry v. Wilson, supra, was in apparent conflict with the case of Board of Revenue v. Huey, et al., 195 Ala. 83, 70 So. 744, but preferred to rest the case upon the holding in the cases of State v. Gullatt, 210 Ala. 452, 98 So. 373; In re Opinion of the Justices, 216 Ala. 469, 113 So. 584. It will be noted however, that no reference was there made by the court to the holding in the Stone Case, supra.

The holding in the case of Henry v. Wilson, supra, is supported by the later decision in Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416.

█ If we adhere to the conclusion reached in the cases of Henry v. Wilson, supra, and Ward v. State ex rel. Lea, supra, we are forced to the conclusion that the act of the Legislature of March 2, 1931, is a local, and not a general law, and as the requirements of section 106 of the Constitution were not observed in its passage, it is violative of that section of the Constitution.

A further reconsideration of the last-mentioned cases but convinces us that our conclusions reached in said cases are sound, and should not be disturbed.

The Act of March 2, 1931, was in fact but a designation and not a classification, and is therefore void. The same holding applies to the original act of 1927. Gen. Acts 1927, p. 33.

█ It therefore follows that the only objection urged against the Granade enabling act must fail. We hold said act to be a valid exercise of the legislative will. By its terms, the clerk of the circuit court of Mobile county upon entering upon the term commencing in January, 1935, could only employ two deputies, with a certain allowance for clerical help.

█ The Sossaman Act (Loc. Acts 1933, Ex. Sess., p. 28), providing for the payment of the "three Deputy Clerks of the Circuit Court of Mobile County," so far as any objections to its validity here urged, was free of constitutional objection, and became operative on March 23, 1933. Up to January 15, 1935, the Sossaman Act made provision for three deputy clerks, at an annual salary of $2,700 each, payable monthly, but on and after January 15, 1935, the clerk was only authorized to employ two assistants, one to act as clerk of the criminal division of the circuit court, at an annual salary of $3,600 and the other to act as clerk of the civil divi-

sion of the court at an annual salary of $2,400.

It follows. that appellant was not entitled to the mandamus prayed for, and the court below properly sustained the demurrers to his petition, and the judgment of the circuit court must be affirmed.

Affirmed.

All the justices concur.