169 So. 304

## McCOY v. JEFFERSON COUNTY.

### 6 Div. 903.

Supreme Court of Alabama.
June 11, 1936.

Rehearing Denied July 16, 1936.

————◆————

A. Berkowitz and Clarence Mullins, both of Birmingham, for appellant.

Ernest Matthews, of Birmingham, for appellee.

THOMAS, Justice.

The suit sought recovery of an alleged unpaid salary while circuit judge.

The agreed statement of facts shows that plaintiff was elected as a circuit judge of the Tenth judicial circuit to succeed himself for a term of six years, the effective date of his election being January 15, 1929; that he was such official on August 24, 1927, and served continuously thereafter until January 15, 1935; that at the time of his ascension to the bench for that term and from August 24, 1927, he was paid a salary of $8,000 fixed by the statute of that date; that of this sum $5,000 was paid by the state and $3,000 by the county of Jefferson, under and by virtue of section 6702 of the Code, as amended by General Act of 1927 (General Acts 1927, p. 456).

The statute is as follows:

"An act to amend Section 6702 of the Code of Alabama, ·1923.

"Be it Enacted by the Legislature of Alabama:

"Section 1. That Section 6702 of the 1923 Code of Alabama be, and the same is, hereby amended so as to read as follows: 6702. Salary of Circuit Court Judges.— The salary payable out of the State treasury of every Circuit Judge in this State, is $5,000.00 per annum, payable in equal monthly installments, as the salaries of other State officers are paid. Provided that in circuits in which the salary of the Judge, or Judges, is now or hereafter may be paid in part or supplemented by a county, or counties, such part of such salaries so paid by said county, or counties, shall continue to be paid to such Judge, or Judges, as is now provided by law, which portion of such salaries shall be in addition to the $5,000.00 hereby directed and authorized to be paid by the State. Provided further, however, that in all circuits now or hereafter composed of only one ·county and having more than two Judges, each judge shall in addition to the $5,000.00 annual salary paid by the State, receive the further annual sum of $3,000.00 payable out of the County treasury of the county composing said circuit in twelve monthly installments upon the warrant of such judge. Provided, however, that if any clause or provision herein is declared unconstitutional or otherwise invalid or ineffective, the other clauses or provisions shall remain in full force and effect." General Acts 1927, p. 456, Regular Session.

The contention of plaintiff, McCoy, is that the act approved November 9, 1932 (General Acts, Extra Session of 1932, p. 313), is void as being in violation of section 150 of the Constitution, which prohibits diminishing the compensation of such a judge during the term for which he has been elected and qualified.

Appellee's counsel insists in his argument that a decision of the question of reduction of salary during incumbency in office is unnecessary, grounding his insistence upon the assertion that the act approved August 24, 1927, was void and without effect as being in violation of sections 106, 110, and 45 of the Constitution. If the last-named act is unconstitutional, the plaintiff had been paid all the salary to which he was entitled during his term of office, and may not recover in this suit.

The decisions containing general rules that obtain as to testing statutes for constitutionality are collected in the recent case of Jefferson County v. Busby, 226 Ala. 293, 148 So. 411.

█ It is established that the Legislature may employ a classification and make an enactment a general law, if the classification in question (1) is adopted in good faith; (2) is reasonably related to the purpose to be effected; (3) is so related to the difference in the classification which forms the basis thereof; (4) is not arbitrary and chosen for the purpose of evading the requirements of notice of intention to apply therefor, necessary to the adoption of local legislation (section 106 Constitution; Reynolds, County Treasurer, et al. v. Collier, 204 Ala. 38, 85 So. 465; State ex rel. Brooks v. Gullatt et al., 210 Ala. 452, 98 So. 373; Mobile County v. Byrne, 218 Ala. 5, 117 So. 83; Jefferson County v. Busby, supra); and (5) the classification must be single and not a double or reclassification (Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416; State ex rel. Conrad v. Board of Revenue and Road Com'rs et al., 231 Ala. 18, 163 So. 345; State ex rel. Saltsman v. Weakley et al., 153 Ala. 648, 45 So. 175).

█ It is further declared that a law that has a bona fide application to the entire state in some of its general features is a general law. State ex rel. Montgomery v. Merrill, 218 Ala. 149, 117 So. 473.

█ The title of the act of August 24, 1927, is sufficient in so far as the amendatory act purports to amend section 6702 by writing into the act matters germane and cognate to the provisions of said Code section. When such is the only purpose of an act purporting to amend a section of the Code, section 45 of the Constitution is not violated.

It is decided that a Code section may be amended by reference to the number thereof, when the amended matter is germane and supplemental to, suggested by, and cognate with, the general matter and the subject of the original section. Const. 1901, § 45; State ex rel. Lister v. Hawkins, 229 Ala. 144, 155 So. 692; McCord et al. v. Bridges et al., 211 Ala. 295, 100 So. 469; State ex rel. Troy v. Smith, Auditor, 187 Ala. 411, 65 So. 942; Dodd et al. v. Commissioners' Court of St. Clair County et al., 203 Ala. 271, 82 So. 521; Ex parte Johnson, 203 Ala. 579, 84 So. 803; Smith v. Birmingham Realty Co., 208 Ala. 114, 94 So. 117; Ex parte Cowert, 92 Ala. 94, 9 So. 225. In Kendrick v. State, 218 Ala. 277, 279, 120 So. 142, 143, Mr. Justice Sayre said:

"State v. Sugar Refining Co., 106 La. [553] 565, 31 So. [181] 186, quoted the Supreme Court of Illinois in Dolese v. Pierce, 124 Ill. 140, 16 N.E. 218, as follows:

"'An act to amend certain sections of a general law is limited in its scope to the subject-matter of the sections proposed to be amended. In such case the introduction of any new substantive matter not germane or pertinent to that contained in the original sections cannot be regarded as an amendment thereto, but must be regarded as independent legislation upon a matter not expressed in the title of the act, and, therefore, void. The amendment of an act in general or a particular section of an act ex vi termini implies merely a change of its provisions upon the same subject to which the act or section relates.'

"This statement of the last-mentioned case is familiar law in this state."

█ The first section of the act of August 24, 1927 (General Acts, Regular Session, 1927, p. 456), is amendatory of section 6702 of the Code, and its second proviso is amendatory of section 6703 of the Code. An examination of section 6702 would not be informatory of its amendment by including the subject matter of a different and succeeding section. Board of Revenue et al. v. Jansen, 224 Ala. 240, 139 So. 358. That is to say, the title gives no intimation that another statute was dealt with (and included therein payments out of county treasuries) other than that prescribing the amount and method of payment of salaries of circuit judges payable out of the state treasury. The title employed contained no intimation that the act of September 22, 1915 (General Acts 1915, p. 716), and that of September 29, 1919 (General Acts 1919, p. 691), were amended thereby; the statute providing that in the tenth circuit the salary of its circuit judges should be supplemented out of the county treasury to the extent indicated, in addition to the compensation paid such judges by the state. At the time of the passage of the 1915 statute, the salary of such judges paid out of the state treasury was $3,000 (section 3257, Code 1907), and that under the act of 1919 paid by the state was $4,000 (sections 6702, 6703, Code 1923). This was one of the purposes of section 45 of the Constitution, as construed by this court in Ex parte Pollard, 40 Ala. 77, 98; Lindsay v. United States Savings & Loan

654

Association et al., 120 Ala. 156, 24 So. 171, 42 L.R.A. 783; Ballentyne v. Wickersham, 75 Ala. 533.

We conclude with the observation that the title to the act under consideration did not give information or warning to the people of Jefferson county, or to the Legislature, that an increase of $16,500 per year was being made in the item of salaries of circuit judges to be paid out of the treasury of the county. For this reason the act, in so far as its second proviso is concerned, is offensive to section 45 of the Constitution. The second proviso is without the scope of the title of the act, and is therefore offensive to section 45 of the Constitution. However, this second proviso of the act is separable from the rest of the act, and may be stricken and disregarded, leaving the act in operation in fixing the salaries of the circuit judges at $5,000 per annum, and the act to this extent remained as a valid enactment for the time it was in force. The act in the instant case is different from that dealt with in the Hawkins Case, 229 Ala. 144, 155 So. 692.

It results, therefore, that the appellant can take nothing by the appeal.

Affirmed.

All the Justices concur, except KNIGHT, J., not sitting.

## On Rehearing.

THOMAS, Justice.

The common counts declared upon are in nature an equitable action. If Judge McCoy was overpaid under the Act of August 24, 1927 (Gen.Acts 1927, p. 456), although such overpayment may not have been recovered by the county from that official (section 2619, Code), it does not follow that he may recover in an action equitable in nature (A. Paul Goodall Real Estate & Ins. Co. v. North Birmingham American Bank, 225 Ala. 507, 144 So. 7), under the Act of 1923 (Gen.Acts 1923, p. 151), a sum within the amount of such overpayment made to him. As we understand, such would be the result.

The application for rehearing is overruled.

All the Justices concur, except KNIGHT, J., not sitting.