53 So.2d 881

### In re OPINION OF THE JUSTICES.
No. 125.

Supreme Court of Alabama.

Aug. 6, 1951.

The House of Representatives propounded questions to the Justices of the Supreme Court, under Code 1940, Title 13, § 34, as to the constitutionality of House Bill No. 884, providing for appeals from decisions of civil service boards of cities within specified population limits and within which police and fire departments are or may be governed by civil service boards. In response the Justices were of the opinion that the bill is for a local law as de-

fined by § 110, and required to be advertised pursuant to § 106 of the Constitution.

The following are the questions propounded by House Resolution 80:

1. Is House Bill 884 a bill for a local law which is required to be advertised pursuant to Section 106 of the Constitution?

2. Is said bill a bill for a local law as defined in Section 110 of the Constitution?

The title of the bill is as follows:

A Bill to be entitled An Act: To provide for appeals from decisions of Civil Service Boards, by whatever name known, governing the police and fire departments in all cities of the State of Alabama which now have a population of as many as 35,000 and less than 75,000, according to the last Federal Census, or which shall have such population according to any such census that may hereafter be taken, and in which the police and fire departments are now or may hereafter be governed and controlled by a Civil Service Board, by whatever name known; to regulate and define the persons, officers and positions governed and controlled by Civil Service laws and regulations now or hereafter in force and effect in such cities; to continue in full force and effect any Civil Service Laws or regulations not herein modified; and to repeal all laws and parts of laws, whether general, special or local, and whether codified or uncodified, in conflict with the provisions of this Act.

To the House of Representatives
Capitol
Montgomery, Alabama

Dear Sirs:

We acknowledge receipt of your inquiry of July 30, 1951, in which under House Resolution No. 80 you request our opinion on certain constitutional questions in connection with H. B. 884.

The rules by which it may be determined whether an act is a general act or a local act wherein the classification in the act rests on a population basis, have been so often stated as to require no restatement here. Wages v. State, 225 Ala. 2, 141 So. 707; · Couch v. Rodgers, 253 Ala. 533, 45 So.2d 699; Reynolds, County Treasurer, v. Collier, 204 Ala. 38, 85 So. 465;

State ex rel. Shirley v. Lutz, 226 Ala. 497, 147 So. 429. But our cases make it equally clear that classification on a population basis cannot be made where the act presents a double classification or other limitations hedging it about so as to prevent its operation in all cities now or hereafter coming within the population classification or where future legislation is required to make the classification applicable to all cities. State ex rel. Shirley v. Lutz, supra; Steber v. State, 229 Ala. 88, 155 So. 708; Henry, County Treasurer, v. Wilson, 224 Ala. 261, 139 So. 259; Ward v. State, 224 Ala. 242, 139 So. 416; Jefferson County v. Busby, 226 Ala. 293, 148 So. 411.

We judicially know that at the present time the proposed bill, if enacted into law, will be applicable only to the City of Gadsden and to the City of Tuscaloosa. Knowing the population growth of some of the larger cities of the state we think it reasonable to assume from the standpoint of population that other cities will eventually come within the purview of the proposed act. Taxpayers and Citizens v. Board of Commissioners, 252 Ala. 446, 41 So.2d 597. Under § 134, Title 12, Code of 1940, the City of Bessemer can have a civil service system under this general law. According to § 391 et seq., Title 62, Code of 1940, the cities of Anniston, Gadsden and Tuscaloosa have police and fire departments under civil service. The City of Dothan has a civil service law applicable to it. Local Acts 1947, p. 296 as amended by Acts of 1949, p. 489. The City of Florence has a civil service law applicable to it by local law. Local Acts 1947, p. 291.

But there is no general law under which cities regardless of population may have civil service and especially with reference to their police and fire departments and there are cities which have no local law in respect to civil service applicable to them, as for example the City of Selma. So it appears that there are cities which cannot qualify if the present bill is enacted into law even though they reach the population basis which is required, without future legislation enabling such cities to have civil service. Under the foregoing

authorities this precludes the proposed bill from being applicable to all cities and hence it is a local law. Authorities, supra.

Answering your questions we therefore say:

(1) The bill is a bill for a local law which requires it to be advertised pursuant to § 106 of the constitution.

(2) The bill is a bill for a local law as defined in § 110 of the constitution.

Respectfully submitted,<br>
J. ED. LIVINGSTON<br>
Chief Justice<br>
JOEL B. BROWN<br>
ARTHUR B. FOSTER<br>
THOMAS S. LAWSON<br>
DAVIS F. STAKELY<br>
Associate Justices.