(119 So. 837)

**DUFFEE v. HENRY, County Treasurer.**
**(6 Div. 238.)**

Supreme Court of Alabama.    Jan. 24, 1929.

Richard H. Fries, of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, for appellee.

SAYRE, J.  Appellant's bill sought to enjoin the payment of salary to J. Russell McElroy as judge of the Tenth judicial circuit. The salary in question is claimed in virtue of the act approved September 2, 1927, and entitled an act "to create an additional judgeship for the Tenth judicial circuit of Alabama, * * * and to prescribe the jurisdiction, power, authority, qualifications, duties and compensation of such incumbent." Acts 1927, p. 671.  A number of more or less closely related adjudications are cited in the brief; but the argument for appellant in substance comes to this: The act in question is unconstitutional and void as opposed to section 45 of the Constitution.  More specifically: The act creates an additional judgeship for the Tenth circuit and provides that "it shall be the duty of the incumbent of said judgeship to try all cases appealed from the recorder's courts of the city of Birmingham to the circuit court of said judicial circuit in preference to any other cases," but its title fails to give notice of such provision. In other words, to quote in part section 45, the provision in question is not "clearly expressed in the title" of the act.  We have quoted the title in which the subject of the act is stated to be the creation of an additional judgeship, and to prescribe, among other things, the "duties" of the incumbent. Since the decision in Ballentyne v. Wickersham, 75 Ala. 533, it has been consistently held in this court that, while the clause of section 45 in question is mandatory, it is not to be so construed as to cripple legislation, and that, when the subject is expressed in general terms, as in so much of the title here under examination as refers to "duties," the constitutional mandate is obeyed, if what follows is referable and cognate to the subject so expressed.  Alabama Bridge Corporation v. Smith, 217 Ala. 311, 116 So. 695. The Act of September 2, 1927, is general, not local.  State v. Merrill (Ala. Sup.) 117 So. 473.[1]  But we see no constitutional objection to that prescription of the act which makes it the duty of the judge to try cases on appeal from the recorder's courts in preference to all others, and, certainly, that prescription is, in a general way, expressed in the title, which refers to the "duties" of the incumbent; nor is it incongruous with the general purpose of the act.  The title of the act foreshadows—expressly states—the legislative purpose to deal with the "duties" of the judgeship to be created.  Under that title the Legislature had a right to deal in detail with such duties.  The thing regulated, viz. the order in which causes should be disposed of, falls within the generic purpose expressed in the title and relates to it.  State v. Stripling, 113 Ala. 120, 21 So. 409, 36 L. R. A. 81. And this conclusion would in our opinion follow, even though the title had made no mention of "duties."  State v. Merrill, supra.

The judgment of the court here is that the trial court correctly sustained the demurrer to appellant's bill, and, no amendment being proposed—or, indeed, possible—dismissed the bill.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

[1] Ante, p. 149.