171 So. 362

## STONE v. STATE ex rel. COURTNEY.

### I Div. 928.

Supreme Court of Alabama.

Dec. 17, 1936.

Gordon, Edington & Leigh, of Mobile, for appellant.

Lyons, Chamberlain & Courtney and Harry T. Smith & Caffey, all of Mobile, for appellee.

BOULDIN, Justice.

Mandamus proceeding to require the treasurer of Mobile county to register a warrant issued for the monthly salary of the second assistant solicitor of the Thirteenth judicial circuit of Alabama.

The suit is to test the constitutionality of the act purporting to create such office. General Acts 1927, p. 36.

This act is challenged as a local and not a general law, defined by section 110 of the Constitution, and violative of section 106 in that no notice was given and proof made as required for local legislation.

The portion of the act purporting to create the office reads: "That in any judicial circuit now or hereafter composed of one county having more than two judges and less than nine judges, immediately upon the approval of this act, there shall be appointed by the circuit solicitor an additional assistant solicitor of the said circuit to be known as the second assistant solicitor." General Acts 1927, p. 36, § 1.

It appears the legislative purpose was to pass a general bill applicable to the whole state because applicable to a class which, in course of events, may include any and every part of the state.

By express statute, the state is divided into judicial circuits, and the county or counties composing each circuit specially designated. Code, § 6665.

The Thirteenth circuit is composed of the county of Mobile.

The number of judges for each circuit is also specially designated by statute, Code, § 415. The Thirteenth circuit has three judges. This is the only circuit "composed of one county having more than two judges and less than nine judges."

We have no law by which the circuits will ever be rearranged, nor by which the number of judges in a given circuit will ever be changed save by future legislation. Without express future legislation, the classification named in the act in question can never apply to any circuit save the Thirteenth, composed of Mobile county.

It follows that the attempted classification in the act under review is but a designation, not a classification within the rules which distinguish between a local and a general law under our Constitution.

That such an act, in the absence of notice and proof thereof, is violative of section 106 is now firmly settled in our deci-

sions. We need do no more than cite the following: State ex rel. Conrad v. Board of Revenue and Road Com'rs et al., 231 Ala. 18, 163 So. 345; Henry, County Treasurer, v. Wilson, 224 Ala. 261, 139 So. 259; Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416.

■ Appellee argues at much length to the effect that this act may be sustained as a general law because in the nature of a supplement or amendment to the General Solicitors' Act of 1915 (Acts 1915, p. 817), as amended, and codified in sections 5522, 5523, 5524, and 5525, Code of 1923.

The act of 1927, here involved, is original in form. The Constitution, for reasons not necessary to here discuss, has provided in section 45 certain safeguards in the passage of amendatory acts.

That a local law may, and often does amend or repeal an existing general law by implication, and rules of construction call for the consideration of both as one scheme of legislation, is wholly beside the mark in considering sections 106 and 110 of our Constitution.

To stretch such rule to support a local statute making no reference to a general law dealing with the subject would defeat the entire purpose of section 106.

■ A further insistence in support of this act as a general law may be thus stated: The statute applies to the whole state because the office therein created carries official functions and duties to be performed in every circuit in the state. This presents the most difficult question in the case.

In State ex rel. Attorney General v. Sayre, as Judge, etc., 142 Ala. 641, 39 So. 240, 4 Ann.Cas. 656, this court held an act creating a judicial circuit is a local law. Emphasis was given to the language of section 110, defining a local law to include one applying to a subdivision. Following Wallace v. Board of Revenue of Jefferson County et al., 140 Ala. 491, 37 So. 321, the fact that it affected the court system of the state, or concerned the administration of state laws, or matters in which the state was interested arising in that jurisdiction, was held not to bring the act within the definition of general laws. The case further drew a distinction between the creation of circuit courts and arranging judicial circuits for existing courts. The territorial boundaries embraced within the circuit were made the controlling factor.

In State ex rel. Montgomery v. Merrill, 218 Ala. 149, 117 So. 473, this court held an act creating the office of circuit judge, a new circuit judgeship for a specified circuit, is a general and not a local law. The case reviews with approval the Wallace and Sayre Cases, supra, and proceeds:

"But the logic of the holding of these authorities does not lead to a like result as to an act creating the office of additional circuit judge. It cannot be said concerning such judicial office that no one outside the circuit is brought within the influence of his power and authority, for a circuit judge is a state official, constituting a very important part of the judicial machinery of the state, with jurisdiction coextensive with the state.

" 'The jurisdiction of the circuit judges is coextensive with the state. They have the same official authority and power in one county as in another.' Ex parte Nelson & Kelly, 62 Ala. 376; Brue v. McMillan, 175 Ala. 416, 57 So. 486; Board of Education v. Watts, 19 Ala.App. 7, 95 So. 498; Ex parte Watts, 209 Ala. 115, 95 So. 502." 218 Ala. 149, 151, 117 So. 473, 474.

The case reviews the history of the office of circuit judge.

The logic of that case is that although the circuit judge is elected for a designated circuit, by the electors of that circuit, is denominated judge of that circuit, must reside in that circuit during his term, and the greater part or even all his actual official service be performed in his circuit, still, the office carrying official authority to go, as occasion may require, into any circuit in the state and there perform the official functions for which the office is created, the act creating such office applies to the whole state and is a general law within the meaning of section 110.

Applying this rule to the circuit solicitor, we observe his is a constitutional office. Constitution, § 167. But the scope of his official duties is defined by statute. State ex rel. Gaston v. Black, etc., 199 Ala. 321, 74 So. 387, 390.

The Attorney General "may direct any solicitor to aid and assist in the investigation or prosecution of any cause in which the state is interested, in any other circuit or county than that of the solicitor so directed. Such solicitors shall have and exercise in such other county or circuit all the powers and authority imposed by

242

law upon the solicitor of such other county, or circuit." Code, § 860.

Here is an extension of the jurisdiction or official authority of the solicitor to go into the whole state, and there perform the primary functions for which the office of solicitor is created.

There is one difference between the circuit judge and the circuit solicitor. The judge may go into any circuit in his own right, with the consent of the circuit judge there residing, or by assignment of the chief justice. The solicitor, we take it, must have the direction of the Attorney General, the head of the law department of the state.

■ But it is the law, not the Attorney General, which confers official power on the solicitor to function throughout the state. We regard this as the controlling factor in considering the question before us. An act creating a public office, and clothing the incumbent with authority to perform the official functions for which the office is created in every county or circuit, does, to that extent, apply to the whole state.

Impeachment proceedings under section 174 of the Constitution, including impeachment of circuit judges, are instituted before the Supreme Court in the state of Alabama on an information by the Attorney General or solicitor. Code, § 4499. Generally speaking, the official proceedings conducted by the solicitor are in the name of the state. This is by no means controlling.

The state often has a direct interest in the performance of official duty by county officers acting within their territorial jurisdictions. Incidentally, the duties of a county officer sometimes take him beyond his county boundaries. But the point is that the circuit solicitor, as an officer of the state, is invested with official power to perform the regular duties of his office, the same class of duties as in his own circuit, in any county or circuit in the state, when occasion requires.

The case, State ex rel. Gaston v. Black, supra. involved the legal status of a county solicitor with plenary powers under local law and the circuit solicitor within the same territorial area. Much is said to the effect that the circuit solicitor is an officer of the territorial subdivision composing his circuit, be it one county or more. The case involved the construction of the General Solicitors' Act of 1915.

(Acts 1915, p. 817), admittedly a general law, but making varied provisions for solicitors, deputies, and assistants in the different circuits. The case did not involve the question before us, but the court incidentally noted that the circuit solicitor was not merely solicitor of the circuit courts, "but he may be assigned to other courts, and even to the courts of other circuits." We remark that headnote 13 in the report of that case (199 Ala. 321, 323, 74 So. 387), saying assistant solicitors under the act of 1915 are county officers, does not correctly state the holding of the opinion (199 Ala. 321, at page 336, 74 So. 387). Such assistants are declared officers, not mere employees.

An assistant circuit solicitor is no more a county officer than is the circuit solicitor.

In Re Opinions of Justices (In re County Officers), 225 Ala. 359, 360, 143 So. 345, it is said: "The circuit judges and solicitors are what might be termed circuit or state officers."

■ A state officer, in common parlance, is usually an officer with an office at the State Capitol where he conducts the public business from all parts of the state. In some cases, these officers have duties carrying them into all parts of the state. Whether so or not, an act creating such an office would be a general act under section 110.

The circuit solicitor is the solicitor for his circuit, just as the circuit judge is the judge of his circuit, so designated by law. Whether styled an officer of his subdivision or an officer of the state, if official duty and authority extend throughout the state, the act creating the office applies to the whole state, and is a general law within section 110. The quantum of service which may be rendered outside his circuit is not important, just as the quantum of service rendered for a particular locality by an officer at the State Capitol is unimportant.

We conclude an act creating the office of circuit solicitor with the duties and powers now defined by law is an act which applies to the whole state.

The act now under review (Gen.Acts 1927, p. 36) creates the office of second assistant solicitor of the Thirteenth judicial circuit. The act specifies certain duties attached to the office, and adds: "and to perform all duties of the circuit solicitor whenever so directed by the circuit

solicitor." This language is broad enough to cover duties to be performed by direction of the Attorney General in any circuit of the state under Code, § 860.

We are mindful that it is the duty of the courts to give an act a construction which will sustain its validity, if it may be reasonably so construed.

The legislative body is presumed to intend that legislative acts shall not violate the Constitution, and be utterly void. Any reasonable construction will be given to effectuate such intent.

Applying this rule here, we hold that the duties to be performed by the assistant solicitor created by the act are coextensive with those of the circuit solicitor.

We have not overlooked the fact that the salary of this assistant circuit solicitor is paid from the county treasury of Mobile county.

The circuit and the county cover the same territorial area. The major part of the duties of the office are to be performed in this area. It was entirely with the Legislature to determine the source from which the salary should be paid. In several instances, salaries of circuit judges, in circuits composed of one county, are paid in part from the county treasury. The controlling fact, as before stated, is whether, giving the act a favorable construction to sustain its validity, the office created vests the incumbent with official authority to function in all parts of the state.

We hold this act is to be so construed when so directed by the circuit solicitor.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.