41 So.2d 907

### OPINION OF THE JUSTICES.
### No. 105.

Supreme Court of Alabama.
Aug. 8, 1949.

544

Opinion of the Justices of the Supreme Court in response to questions propounded by the House of Representatives under Code 1940, Tit. 13, § 34, as to validity of House Bill 604, creating an additional circuit judge and naming the person to serve as such judge.

Questions answered in accordance with opinion.

## HOUSE RESOLUTION NO. 104

To request an advisory opinion of the Justices of the Supreme Court of Alabama relative to the constitutionality of House Bill 604.

Whereas, House Bill 604, a copy of which is attached hereto, is now pending before the Legislature and the question has arisen as to whether House Bill 604 violates Sections 45, 106, 158 or 159 of the Constitution of Alabama, therefore,

Be It Resolved By The House Of Representatives:

1. The Justices of the Supreme Court are respectfully requested to give their written opinion on the following question: "Does House Bill 604 violate any or all of the following sections of the Constitution of Alabama: Sections 45, 106, 158, or 159?"

H. B. 604    By Messrs, Haynes (Franklin) et al; 6/10/49

A BILL
TO BE ENTITLED
AN ACT

To authorize and create an additional judge of the Eleventh Judicial Circuit of Alabama and to provide for his election, jurisdiction, powers, authority and qualifications, to render him liable to all the pains and penalties of the other Circuit Judges of the State, to provide for the designation of each of the two offices of Circuit Judge of said Circuit by number and to provide for the salary of said Judges.

Be It Enacted By The Legislature of Alabama:

Section 1. That there shall be, and there is hereby authorized and created an additional judge of and for the Eleventh Judicial Circuit of the State of Alabama, which judge shall be Harold V. Hughston, whose term of office shall begin on the first day of the month immediately after the passage of this Act and he qualifies, and he shall hold office until the next general election for any State offices and until his successor shall have been elected and qualified; that thereafter such additional judge shall be elected at the same time and for the same term of office as other Circuit Judges are elected in the State.

Section 2. That said additional judge shall have and exercise all the jurisdiction, powers, rights and authority and shall possess all the qualifications, and may perform all the duties that the other Circuit Judges of the State of Alabama may exercise, have or perform, and he shall be liable to

all the pains and penalties of said other Circuit Judges of the State.

Section 3. The said additional Judge and his successors in office shall be known and designated as Judge Number Two of said Circuit, and the present Judge and his successors in office shall be known and designated as Judge Number One of said Circuit. Notwithstanding the provisions of Section 177 of Title 13 of the 1940 Code and Supplements thereto, the compensation of Judge Number One shall be such sum as is now or may hereafter be authorized and paid by the State out of its Treasury and he shall be paid an additional sum of $1,800.00 out of the Treasury of the Counties composing said circuit on a pro rata basis calculated according to the population of said Counties as shown by the 1940 and any subsequent Federal Census in such manner that each county pays such proportion of said supplement as its total population bears to the total population of the Judicial Circuit; and the compensation of Judge Number Two shall be such sum as is now or may hereafter be authorized and paid by the State out of its treasury in equal installments as the salaries of other Circuit Judges are paid. The present Judge shall be the presiding Judge until the expiration of his term of office, and after the expiration of his term of office, the Judge who has been in office as Circuit Judge the longest shall be the presiding Judge, but if neither of them has been in office longer than the other, the Chief Justice of the Supreme Court shall name the presiding Judge. Candidates for the office of Circuit Judge in said Circuit shall designate whether they are candidates for the office of Circuit Judge Number One or for the office of Circuit Judge Number Two.

Section 4. That the two Judges of said Circuit shall not be qualified electors of the same County at the time of the appointment of the Judge created by this Act, or at the time of the election of said Judge.

Section 5. This Act shall take effect immediately upon its passage and approval by the Governor.

The House of Representatives
State Capitol
Montgomery, Alabama
Dear Sirs:

We are in receipt of House Resolution No. 104 wherein the opinion of the Justices of this court is requested as to whether or not House Bill 604 violates any of the following sections of the Constitution of this state: 45, 106, 158, 159.

As here pertinent § 45 provides that each law shall contain but one subject, which shall be clearly expressed in its title.

We do not think House Bill 604 is unconstitutional as violative of § 45. Duffee v. Henry, 218 Ala. 636, 119 So. 837; State ex rel. Montgomery v. Merrill, 218 Ala. 149, 117 So. 473.

The said bill does not seek to create a new judicial circuit, but proposes to increase the salary of the judge of an existing circuit and to create an additional judge for such circuit. Under the decisions of this court such an act is not a special, private, or local law and, therefore, § 106 of the Constitution has no application. State ex rel. Montgomery v. Merrill, supra; McCoy v. Jefferson County, 232 Ala. 651, 169 So. 304; Stone v. State ex rel. Courtney, 233 Ala. 239, 171 So. 362.

It is definitely settled that the legislature may provide for more than one judge for a judicial circuit. Ex parte Johnson, 203 Ala. 579, 84 So. 803.

House Bill 604 not only provides for an additional judge for the eleventh judicial circuit, but the person to serve as such judge is named in the bill. So the question is, Do §§ 158 and 159 of the Constitution of 1901, or either of them, prohibit the legislature from appointing a person to fill a newly created judgeship for an existing circuit court?

§§ 158 and 159, supra, read as follows:

"Sec. 158. Vacancies in the office of any of the justices of the supreme court or judges who hold office by election, or chancellors of this state, shall be filled by appointment by the governor. The appointee shall hold his office until the next general election for any state officer held

at least six months after the vacancy occurs, and until his successor is elected and qualified; the successor chosen at such election shall hold office for the unexpired term and until his successor is elected and qualified."

"Sec. 159. Whenever any new circuit or chancery division is created the judge or chancellor therefor shall be elected at the next general election for any state officer for a term to expire at the next general election for circuit judge and chancellors; provided, that if said new circuit or chancery division is created more than six months before such general election for any state officer, the governor shall appoint some one as judge or chancellor, as the case may be, to hold the office until such election."

In 1873 the legislature of this state passed an act, approved December 17, 1873, Acts 1873, p. 68, establishing an inferior court of record in the town of Decatur, to be known as the Law and Equity Court of Morgan County. § 15 of that act provided "That the judge of the fourth judicial circuit of Alabama shall be the judge of said court of law and equity."

In Ex parte Roundtree, 51 Ala. 42, Mr. Chief Justice Brickell, writing for the court, held that § 15 of the said act was unconstitutional in that the legislature was prohibited by the Constitution from naming the judge of the inferior court created by the act.

The Constitution of 1868 was in effect at the time of the decision in the Roundtree case, supra. Article VI, § 11, of that Constitution provided: "Vacancies in the office of the Circuit Judge, Judge of Probate, *or Judge of any other inferior court established by law,* shall be filled by the Governor; and the person appointed by him shall hold office until the next election day appointed by law for election of Judge, and until his successor shall have been elected and qualified." (Emphasis supplied.) It is to be noted that the italicized portion of Article VI, § 11, of the 1868 Constitution is not contained in § 158 of the 1901 Constitution. This change will be explained later.

After discussing the history of the provisions of the Constitution relating to the judicial branch of government, Mr. Chief Justice Brickell, in Ex parte Roundtree, supra, said: "The general assembly can as well declare who shall be the judges, of this court, or the judges of the several circuit courts, or the chancellors, or the judges of probate, as to declare who shall be the judge, or the judges, of an inferior court they may ordain and establish. Either is a violation of the constitutional mandate, and a departure from the theory and policy the constitution is framed to promote." It was said further in the Roundtree case, "There is no event, or contingency, in which the general assembly can, by any resolution or enactment, designate the incumbent of a judicial office."

To like effect is the case of Ex parte Amos, 51 Ala. 57, also decided when the Constitution of 1868 was in effect. It was said in the opinion in that case as follows: "It is nowhere permitted to the legislature to elect or appoint any judicial officer or officers of the State, or to fill any vacancy in any judicial office."

The drafters of the Constitution of 1875 met the objections of the Roundtree case in so far as statutory inferior courts are concerned by deleting from Article VI, § 11 of the 1868 Constitution, the provisions of said section heretofore italicized (see Article VI, § 17, Constitution of 1875) and by inserting in the Constitution of 1875, § 13 of Article VI, which reads as follow: "The judges of such inferior courts of law and equity as may be by law established, shall be elected or appointed, in such mode as the legislature may prescribe." § 153 of the Constitution of 1901 is in the exact language of § 13 of Article VI of the 1875 Constitution.

Since the Constitution of 1875 has been operative, this court has frequently held that as to inferior courts of statutory creation it is within legislative competency to prescribe how and by whom the judge thereof shall be selected. Among the cases so holding are State ex rel. Winter v. Sayre, 118 Ala. 1, 24 So. 89; State ex rel. Vandiver v. Burke, 175 Ala. 561, 57 So. 870; Ex parte State ex rel. Attorney General, 197 Ala. 570, 73 So. 101; State ex rel. Coffin v. Hamilton, 225 Ala. 79, 142 So. 71.

But circuit courts are not of statutory creation. They are provided for by the Constitution and the cases last above cited do not hold that the legislature may name the person to serve as circuit judge.

We think it significant that in view of the broad language contained in the opinion in Ex parte Roundtree, supra, the drafters of the Constitution of 1875 saw fit to nullify that decision only as to those inferior courts which may be established by law.

§ 159 of the Constitution of 1901 is new to that Constitution. True, it relates to newly created circuit or chancery divisions. But by incorporating this section in the 1901 Constitution, we do not think that the makers of that Constitution intended in any wise to change the construction long placed on what is now § 158 to the effect that the general assembly is without power to appoint a judge of a court created by the Constitution.

We hold, therefore, that House Bill 604 in so far as it seeks to name the person to serve as judge of the proposed new judgeship is violative of §§ 158 and 159 of the Constitution of 1901.

Respectfully submitted,

JOEL B. BROWN

A. B. FOSTER

J. ED LIVINGSTON

THOMAS S. LAWSON

ROBERT T. SIMPSON

DAVIS F. STAKELY
Associate Justices.