WRIGHT, Presiding Judge.
Robert Dallas Burdette (taxpayer) appeals an order of the Montgomery County Circuit Court upholding two final assessments issued by the Department of Revenue (Department) on November 7, 1984, after proceedings before the Administrative Law Division of the Department in which he was found to owe unpaid income taxes for the years 1981 and 1982 in the amounts $4,195.52 and $4,214.80, respectively.
The taxpayer does not dispute either the fact that he failed to file an income tax return in the specified years or the amounts with which he has been assessed. The argument he makes on appeal is that certain individuals who actively participated in arriving at the final assessments lacked the authority to assess tax liability against him, because they did not take and subscribe to an oath pursuant to Ala. Const, art. XVI, § 279 as well as Article VI of the United States Constitution and 4 U.S.C. § 101. He contends that the final assessments in this case are null and void because the following persons acted without authority: J.S. Coats, in his capacity as Supervisor, Assessment and Field Section of the Department; V.S. McElvy, in his capacity as Chief, Income Tax Division of the Department; S.L. Evans, in his capacity as Assistant Commissioner of the Department; and Bill Thompson, in his capacity as Administrative Law Judge of the Department.
Section 279 applies only to state officers. Ex parte Griffith, 278 Ala. 344, 178 So.2d 169 (1965); Ex parte Huie, 278 Ala. 330, 178 So.2d 156 (1965). The oath required by the Federal Constitution is similarly made applicable only to members of *946 state legislatures and all executive and judicial officers of the several states. See Article YI of the United States Constitution; 4 U.S.C. § 101. Thus, our question becomes whether those individuals specified in this case are state officers.
Taxpayer has not argued, either below or on appeal, that any of the individuals in this case are specifically “state officers"; he argues that they are “public officers.” In this argument, he assumes that all public officers are also state officers. We make no such assumption, as we observe that subtle distinctions may exist between the two classes. Compare Stone v. State ex rel. Courtney, 233 Ala. 239, 171 So. 362 (1936), and Garner v. McCall, 235 Ala. 187, 178 So. 210 (1938), with Lacey v. State, 13 Ala.App. 212, 68 So. 706 (1915). These distinctions, however, are unimportant to a determination in the present case, because it is clear to us that the specified individuals fall into neither class; they are merely employees or assistants to the Commissioner.
The terms “public officer” and “state officer” have been given various meanings by the authorities, See generally § 81A C.J.S. States § 80 (1977); 72 Am.Jur.2d States, Territories, and Dependencies, § 62 (1974); 67 C.J.S. Officers § 8 (1978); 63A Am.Jur.2d Public Officers and Employees § 9 (1984). The key characteristic of each is that an officer, public or state, is invested with some portion of the sovereign power of the state, to be exercised by him for the benefit of the public. See, e.g., State ex rel. Gray v. King, 395 So.2d 6 (Ala.1981); Lacy v. State, supra. An individual, to be an officer, must exercise his duties in his own right and not by permission and under the supervision and control of another. See Jefferson County v. Case, 244 Ala. 56, 12 So.2d 343 (1943). See generally 67 C.J.S. Officers § 10 (1978). A public employee, on the other hand, is not given any part of the sovereign power. Jefferson County v. Case, supra. Applying these criteria to the present case, it is clear to us that the specified individuals are not public or state officers.
Section 40-2-40, Code of Alabama 1975, vests “all of the powers, authority and duties” of the Department in the commissioner of revenue. No other individual is vested with any part of the state’s sovereign power. The taxpayer’s argument that the specified individuals have exercised a part of the state’s sovereign power by making assessments, filing liens and holding administrative hearings is misguided, as all of those actions were only of an administrative or ministerial nature.
A ministerial duty may be validly performed by an assistant or deputy. Lucas v. Belcher, 20 Ala.App. 507, 103 So. 909 (1925). The legislature has specifically conferred upon the commissioner of revenue the power to delegate certain duties to his assistants. See §§ 40-2-2, -44, Code 1975. These assistants or employees are not given authority to exercise in their own right any part of the power and authority conferred upon the Department. They may act only with the permission and under the supervision and control of the commissioner. See §§ 40-2-2, -40, -44, Code 1975. Because they may not independently exercise any part of the state’s power, they are not state officers as encompassed by the oath requirement of either § 279 of the Alabama Constitution of 1901 or the Federal Constitution. See Jefferson County v. Case, supra. See generally 67 C.J.S. Officers § 10 (1978).
On a collateral note, we recognize that the final assessment in this case was signed by S.L. Evans as the assistant commissioner of the Department. This does not invalidate the assessment. Section 40-2-44 allows that the assistant commissioner may act for the commissioner if the commissioner has delegated such duty and authority to him in writing. The statute also requires the assistant commissioner to take the same statutory oath of office as the commissioner. See § 40-2-42, Code 1975. The record indicates that this oath was taken. There is no indication, and the taxpayer has not argued, that the commis *947 sioner failed to issue the proper written authorization.
The decision of the circuit court upholding the final income tax assessments against the taxpayer is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.